[Cite as *Chlebina v. Landmark Partners*, 2023-Ohio-4403.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JOHN CHLEBINA, et al. | | C.A. No.     30747 |
|     Appellees | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LANDMARK PARTNERS, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|     Appellants | | CASE No.     CV-2021-04-1306 |

DECISION AND JOURNAL ENTRY

Dated: December 6, 2023

CARR, Judge.

{¶1} Defendants-Appellants Landmark 2 Limited Liability Company, Landmark 4 Limited Liability Company, and Steve R. Swain (collectively "Landmark") appeal the decision of the Summit County Court of Common Pleas. This Court dismisses the appeal in part and affirms in part.

I.

{¶2} This appeal arises from a discovery dispute between Landmark and Plaintiffs-Appellees John and Mary K. Chlebina (collectively "the Chlebinas"). The underlying dispute centers around a 2001 settlement agreement entered into by the Chlebinas, Landmark Partners, and Landmark 2 Limited Liability Company addressing oil and gas rights and responsibilities related to property owned by John Chlebina, and in which Mary K. Chlebina has a dower interest.

{¶3}   In 2021, the Chlebinas filed a complaint for breach of contract, common law trespass, and statutory trespass against Landmark Partners and Landmark.[1]   Essentially, the Chlebinas alleged that Landmark and Landmark Partners violated the settlement agreement by seeking to perform a directional drill of a particular well.  The Chlebinas maintained that the drill was prohibited because a drill of a different well was not successful as specified in the settlement agreement.

{¶4}   In response, Landmark filed an answer as well as counterclaims and a third-party complaint, which were subsequently amended.  The amended third-party complaint named Commonwealth Properties, Inc. as the third-party defendant.

{¶5}   Discovery disputes ensued.  In the fall 2022, Landmark filed several motions related to limiting the scope of questioning of Mr. Swain with respect to issues that touched upon trade secrets.  Following an in camera review, in January 2023, the trial court found that a document known as Landmark-TS 0014-52 contained trade secrets and was not subject to discovery.  The trial court denied the remainder of Landmark's motion for a protective order as premature and overbroad.

{¶6}   In March 2023, the Chlebinas filed a motion to compel non-party witness Geoffrey Gordon-Creed to answer deposition questions he was instructed not to answer at his deposition and to craft a protective order authorizing the discovery if appropriate.  Landmark opposed the motion and sought a protective order shielding Mr. Gordon-Creed from having to disclose any trade secret information developed around 2017 or later.  Landmark sought to prevent the discovery of the research, strategies, and methodologies with respect to where to drill, the substances used in the process of drilling, and how to extract the oils and gas from the rock.

---

[1] Landmark Partners was ultimately dismissed as a party from the lawsuit.

Landmark argued that that information constituted trade secrets.  Landmark also argued that the information sought was not relevant to the claims raised.

{¶7}    In May 2023, the trial court issued an order concluding that the Chlebinas sought the answers to the following five questions:

1. What discussion did Mr. Gordon-Creed have with Mr. Swain during or around 2017 with regard to Landmark 2's plans or intentions with regard to well 6F2 – specifically deepening that well or recompleting the well at its existing location – and why those plans made sense? []

2. What specific information did Mr. Gordon-Creed rely on or did Mr. Swain provide to him regarding the plans for well 6F2 in or around 2017? []

3. What about the particular time frame of 2017, what was happening in or around 2017 or what were the reasons why Landmark 2 decide[d] on a plan to recomplete well 6F2 in or around 2017? []

4. What specific reasons or issues changed or became different in 2017 from previous years that led Landmark 2 to plan to deepen or directionally drill well 6F2? []

5. What was done during 2017 and thereafter by Landmark 2 and Landmark 4 to begin the process to recomplete wells 6F and 7F? []

{¶8}    The trial court ordered Mr. Gordon-Creed to respond to the questions, under oath and in writing, directly to the trial court and provide any documentation that he relied upon in answering the questions.  In addition, Landmark was ordered to provide the trial court with any documentation to support the position that the answers constituted trade secrets.  The trial court would then conduct an in camera review of the provided information.

{¶9}    On May 16, 2023, Landmark filed a notice that it had submitted certain documents for in camera review to the trial court via email.  The notice indicated that other documents were previously submitted for in camera review in December 2022, and were resubmitted as part of the current response to the trial court's order.

{¶10} On May 31, 2023, the trial court issued an entry granting the Chlebinas' motion to compel Mr. Gordon-Creed's answers to the deposition questions. The trial court concluded that Landmark failed to establish the information contained trade secrets. The trial court ordered Landmark to provide the answers to the questions to the Chlebinas within 14 days. It further advised Landmark that, "[p]rior to providing copies of Mr. Gordon-Creed's answers to Plaintiffs, Defendants may file Mr. Gordon-Creed's answers and the supporting documentation provided to the Court with the Clerk of Summit County Court of Common Pleas, under seal. If said items are filed, this Court orders that the documents filed under seal shall not be made available without further Order of this Court[.]" (Emphasis omitted.)

{¶11} Landmark filed a motion to stay the proceedings pending appeal and also appealed the order. Landmark did not file the materials submitted for in camera inspection under seal with the clerk of courts as suggested by the trial court in its entry. The trial court granted the motion to stay. Landmark has raised two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY GRANTING APPELLEES JOHN AND MARK K. CHLEBINA'S MOTION TO COMPEL GEOFFREY GORDEN-CREED TO ANSWER DEPOSITION QUESTIONS BECAUSE INFORMATION REGARDING LANDMARK'S RESEARCH, PLANNING, AND DECISION-MAKING PROCESS DURING 2017 AND THEREAFTER IS NOT DISCOVERABLE UNDER CIV.R 26(B)(1).

{¶12} Landmark argues in its first assignment of error that the trial court erred in allowing the discovery sought by the Chlebinas as it failed to meet the requirements of Civ.R. 26(B)(1). Landmark maintains the discovery was not relevant and the trial court failed to consider if the discovery was "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Civ.R. 26(B)(1).

{¶13} As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker–Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02.

{¶14} "Generally, trial court orders addressing discovery issues are merely interlocutory and not immediately appealable." *Brown v. Manorcare Health Servs.*, 9th Dist. Summit No. 27412, 2015-Ohio-857, ¶ 8, quoting *Bowers v. Craven*, 9th Dist. Summit No. 25717, 2012-Ohio-332, ¶ 14. "Nevertheless, the legislature has carved out certain limited exceptions to the general rule." *Brown* at ¶ 8. Relevant to this appeal, R.C. 2505.02(B)(4) states:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶15} "'Provisional remedy' means a proceeding ancillary to an action, including * * * discovery of privileged matter * * *." R.C. 2505.02(A)(3). "Pursuant to R.C. 2505.02(B)(4), we have held that '[a] trial court's order is final and appealable to the extent it compels production of claimed privileged materials.'" *Medas v. Monyak*, 9th Dist. Lorain No. 13CA010487, 2015-Ohio-1252, ¶ 23, quoting *Peppeard v. Summit Cty.*, 9th Dist. Summit No. 25057, 2010-Ohio-2862, ¶ 10.

"This Court has determined that an order which compels the discovery of trade secrets may be final and appealable as a provisional remedy." *Natl. Interstate Corp. v. West*, 9th Dist. Summit No. 23877, 2008-Ohio-1057, ¶ 9.

{¶16} Here, in this assignment of error, the focus of Landmark's argument is not the privileged nature of the discovery but the lack of relevancy of the material and the trial court's failure to fully consider Civ.R. 26(B)(1) in rendering its decision. However, these are not concerns that can be addressed at this time. To the extent that Landmark's motion was based upon a relevancy argument and related Civ.R. 26(B)(1) concerns, and to the extent that the trial court implicitly concluded that the discovery was relevant, the trial court's ruling is not appealable. *Lytle v. Mathew*, 9th Dist. Summit No. 26932, 2014-Ohio-1606, ¶ 10; *Brown* at ¶ 14.

{¶17} This assignment of error stems from a portion of the order that is not appealable and thus cannot be addressed.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING APPELLEES JOHN AND MARK K. CHLEBINA'S MOTION TO COMPEL GEOFFREY GORDON-CREED TO ANSWER DEPOSITION QUESTIONS BECAUSE THE ANSWERS TO THE TRIAL COURT'S FIVE WRITTEN QUESTIONS POSED TO GEOFF GORDON-CREED CONTAIN PRIVILEGED CONFIDENTIAL BUSINESS INFORMATION AND TRADE SECRETS, THE DISCLOSURE OF WHICH WOULD DO IMMEASURABLE DAMAGE TO LANDMARK, OUTWEIGHING ANY POTENTIAL BENEFIT IN THE CASE.

{¶18} Landmark asserts in its second assignment of error that the trial court erred in compelling discovery that was privileged as it constituted trade secrets.

{¶19} Pursuant to App.R. 9(A), the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." "It is an appellant's burden to ensure that the record is complete on appeal." *Auth v. Industrial*

*Physical Capability Servs., Inc.*, 9th Dist. Summit No. 28024, 2017-Ohio-1268, ¶ 15, quoting *State v. Vu*, 9th Dist. Medina No. 11CA0042-M, 2012-Ohio-746, ¶ 27. "Likewise, '[i]t is an appellant's duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court.'" *Auth* at ¶ 15, quoting *Swedlow v. Riegler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 14, quoting *Shumate v. Shumate*, 9th Dist. Lorain No. 09CA009707, 2010-Ohio-5062, ¶ 6; App.R. 9(B). "In the absence of a complete record, this Court is obligated to presume regularity in the proceedings below." *Auth* at ¶ 15, quoting *King v. Carleton*, 9th Dist. Lorain No. 13CA010374, 2013-Ohio-5781, ¶ 30.

**{¶20}** Upon review, the record does not contain Mr. Gordon-Creed's answers or the accompanying documents. Thus, the record does not contain the discovery that Landmark sought to protect from disclosure. While Landmark did file notices, one in December 2022 and one in May 2023, indicating that it provided certain discovery to the trial court for in camera review, the documents themselves were not filed thereafter under seal. Notably, the trial court even informed Landmark in its order that Landmark could file the materials with the clerk's office under seal and the materials would not be accessible except by order of the court.

**{¶21}** "As the appellant, it was [Landmark's] burden to ensure that those materials were filed in the court below such that they would be part of the record on appeal." *Auth* at ¶ 16. Because the record does not contain the materials that were at issue in the trial court's order, this Court is required to presume regularity and affirm the decision of the trial court to order disclosure of the answers on the basis that they were not trade secrets. *Id.*

**{¶22}** Landmark's second assignment of error is overruled.

III.

**{¶23}** We are without jurisdiction to consider Landmark's first assignment of error and its second assignment of error is overruled. The appeal is dismissed in part, and the judgment of the Summit County Court of Common Pleas is affirmed in part.

Appeal dismissed in part,
and judgment affirmed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MARSHAL PITCHFORD and KATHRYN VADAS, Attorneys at Law, for Appellants.

JOHN W. BECKER and CHRISTINE M. GARRITANO, Attorneys at Law, for Appellees.