[Cite as *Garcia v. Matheson*, 2024-Ohio-501.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

JENNIFER GARCIA

    Appellee

v.

JAMES K. MATHESON, D.O., et al.

    Appellants

C.A. No.      23CA011981

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21CV202837

DECISION AND JOURNAL ENTRY

Dated: February 12, 2024

---

STEVENSON, Judge.

**{¶1}** Defendants-Appellants Mercy Health-Regional Medical Center, LLC, individually and doing business as Mercy Health – Lorain Hospital, Mercy Health Physicians Lorain LLC, Bon Secours Mercy Health, Inc., and Mercy Health Physicians Lorain Specialty Care LLC (collectively "Mercy Health") appeal from the judgment of the Lorain County Court of Common Pleas granting Plaintiff-Appellee Jennifer Garcia's motion to compel. Because Mercy Health did not present any evidence to support the finding that the material presented was protected trade secrets, we affirm.

I.

**{¶2}** Ms. Garcia filed a complaint against Mercy Health, Dr. James Matheson, nurse Patricia Diehl, and a number of John Doe employees, nurses, and physicians, seeking compensatory and punitive damages. Ms. Garcia later amended her complaint, with leave, to include allegations related to her economic damages claim. The claims arise from the alleged unauthorized removal of Ms. Garcia's left ovary during a hysterectomy.

{¶3} Mercy Health filed a motion to bifurcate and stay discovery after Ms. Garcia served it with her first set of interrogatories and request for production of documents. Mercy Health sought a court order bifurcating Ms. Garcia's punitive damages claim, arguing that the punitive damages issue is not relevant until after Ms. Garcia prevails on liability. The trial court granted Mercy Health's motion to bifurcate and granted in part its motion to stay discovery. The trial court stayed discovery of punitive damages until after the resolution of liability or further court order.

{¶4} The trial court later issued an order modifying the stay of discovery. The trial court lifted the stay and ordered that discovery on the issue of punitive damages may proceed.

{¶5} After the stay was lifted, Ms. Garcia served Mercy Health with a second set of discovery that included the following interrogatories:

> 3. For the period between January 1, 2020 and the present, state the net worth of each of the Mercy Health Defendants as of December 31st of each year.
>
> * * *
>
> 4. For the period between January 1, 2020 and the present, state the total compensation paid to Dr. Matheson each year.
>
> * * *
>
> 5. State the total compensation paid to Dr. Matheson in connection with the surgical procedures that he performed upon Plaintiff on February 24, 2020.
>
> * * *
>
> 6. For the period between January 1, 2018 and the present, state the total cost paid to train physicians and nurses regarding Mercy Health Lorain Hospital's SOP No. 814.100, *Consent, Refusal and Discharge Guidelines*.

{¶6} Ms. Garcia also requested the following documents:

> 1. For year 2020 through the present, produce all annual reports, balance sheets, profit and loss statements, income statements, federal tax returns, and any other documents reflecting each Mercy Health Defendant's overall financial condition and net worth.

\* \* \*

2.      For year 2020 through the present, produce all annual operating budgets for each of the Mercy Health Defendants.

\* \* \*

**{¶7}** Ms. Garcia filed a motion to compel after Mercy Health objected to her interrogatories and requests for production of documents. In response to Ms. Garcia's motion, Mercy Health filed a brief in opposition and a motion for protective order.

**{¶8}** Mercy Health argued that the requested information and documents encompassed privileged, confidential, and proprietary trade secret information. Mercy Health argued that it would be left in a competitive disadvantage if forced to produce the requested information. The requested information, according to Mercy Health, included business information of economic value.

**{¶9}** Mercy Health did not request an in camera review of the requested information and documents. There were no affidavits, deposition excerpts, or any other documentation attached to Mercy Health's brief and motion to support its trade secrets claim.

**{¶10}** Ms. Garcia filed a reply in support of her motion to compel and in opposition to Mercy Health's motion for protective order. Ms. Garcia asserted in her reply that Mercy Health did not meet its evidentiary burden as it merely made conclusory statements and failed to submit an affidavit to support its position.

**{¶11}** The trial court granted Ms. Garcia's motion to compel, ordering Mercy Health to respond to the discovery requests. Mercy Health appeals this order, asserting one assignment of error for review.

II.

**THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PLAINTIFF'S MOTION TO COMPEL TRADE SECRET MATERIALS WITHOUT FIRST CONDUCTING AN IN CAMERA REVIEW OR PUTTING INTO PLACE PROCEDURAL SAFEGUARDS TO PREVENT THE DISCLOSURE OF MATERIALS WHICH ARE PRIVILEGED AND/OR NOT SUBJECT TO DISCOVERY.**

{¶12} Mercy Health argues in its assignment of error that the trial court abused its discretion when it granted Ms. Garcia's motion to compel. Mercy Health maintains that the information requested constitutes privileged trade secret information and that the trial court abused its discretion in ordering the production of such information without first conducting an in camera review or ordering procedural safeguards to prevent the disclosure of the requested information and documents. We disagree.

{¶13} In general, "trial court orders addressing discovery issues are merely interlocutory and not immediately appealable." *Brown v. ManorCare Health Servs.*, 9th Dist. Summit No. 27412, 2015-Ohio-857, ¶ 8, quoting *Bowers v. Craven*, 9th Dist. Summit No. 25717, 2012-Ohio-332, ¶ 14. The legislature, however, "has carved out certain limited exceptions to the general rule." *Brown* at ¶ 8. Pertinent to this appeal, R.C. 2505.02(B)(4) states:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

5

{¶14} R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including * * * discovery of privileged matter * * *." A trial court's order compelling the production of materials claimed to be privileged is final and appealable under R.C. 2505.02(B)(4). *Medas v. Monyak*, 9th Dist. Lorain No. 13CA010487, 2015-Ohio-1252, ¶ 23; *Peppeard v. Summit Cty.*, 9th Dist. Summit No. 25057, 2010-Ohio-2862, ¶ 10. Accordingly, this Court has jurisdiction to hear this appeal.

{¶15} A trial court enjoys broad discretion in the regulation of discovery proceedings. *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663, 668 (9th Dist.1990); *see also State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469 (1998). Therefore, absent an abuse of discretion, an appellate court will not overturn the trial court's ruling on such matters. *Marshall* at 469.

{¶16} An abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An unreasonable decision is one that lacks sound reasoning to support the decision. *Hageman v. Bryan City Schools*, 10th Dist. Franklin No. 17AP-742, 2019-Ohio-223, ¶ 13. "An arbitrary decision is one that lacks adequate determining principle and is not governed by any fixed rules or standard." *Id.* quoting *Porter, Wright, Morris & Arthur, LLP v. Frutta del Mondo, Ltd.*, 10th Dist. Franklin No. 08AP-69, 2008-Ohio-3567, ¶ 11. An unconscionable decision is one "that affronts the sense of justice, decency, or reasonableness." *Id.*

{¶17} Mercy Health argues that the requested information constitutes trade secrets under R.C. 1333.61(D). R.C. 1331.61(D) defines a trade secret as follows:

> 'Trade secret' means information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any

business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following:

(1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

To establish trade secret status, the moving or requesting party must establish both of the aforementioned requirements. *Id. See Sovereign Chem. Co. v. Condren*, 9th Dist. Summit Nos. 18285, 19465, 1998 WL 195876, *2 (Apr. 22, 1998) (emphasizing that both R.C. 1331.61(D)(1) and (2) must be established to support a trade secrets claim); *Hanneman Family Funeral Home and Crematorium v. Orians,* Slip Opinion No. 2023-Ohio-3687, ¶ 22, citing R.C. 1333.61(D) ("information is a trade secret and protected by [the Ohio Uniform Trade Secrets] Act only if the information has an independent value because it is not generally known to and readily ascertainable by others and the owner has taken reasonable efforts to maintain its secrecy.")

{¶18} The Ohio Supreme Court has identified six factors to be considered in determining whether information constitutes a trade secret: (1) the extent to which the information is known outside the business; (2) the extent to which it is known to those to those inside the business, *i.e.*, by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information. *State ex rel. Besser v. Ohio State Univ.*, 89 Ohio St.3d 396, 399-400 (2000).

**{¶19}** "An entity claiming trade secret status bears the burden to identify and demonstrate that the material is included in categories of protected information under the statute * * *." *Id.* at 400. *Accord Arnos v. MedCorp, Inc.*, 6th Dist. Lucas No. L-09-1248, 2010-Ohio-1883, ¶ 20 ("In a discovery dispute, those asserting that the materials sought constitute trade secrets that are privileged from discovery bear the burden of establishing trade secret status.") The burden is on the party asserting trade secret status "to identify and demonstrate that the material is included in categories of protected information under the statute." *Arnos* at ¶ 26. "Conclusory statements as to trade secret factors without supporting factual evidence are insufficient to meet the burden of establishing trade secret status." *Id.* at ¶ 28, citing *Besser* at 404.

**{¶20}** Like Mercy Health, the appellant in *Arnos* argued that requested records constituted trade secrets and that the trial court abused its discretion when it granted a motion to compel. *Id* at ¶ 14. The appellate court disagreed, concluding that the appellant failed to meet its burden to establish trade secret status and that the trial court did not abuse its discretion in ordering the production of the requested documents. *Id* at ¶ 29.

**{¶21}** Although the *Arnos* appellant submitted an affidavit to support its position that the requested records constituted trade secrets, the court noted that the submitted "affidavit was conclusory in form" and that it did not include "any factual detail[.]" *Arnos* at ¶ 17. The affidavit merely set forth the affiant's "opinion" without any supporting "records or evidentiary material * * * to support [the affiant's] contentions or conclusions." *Id.* at ¶ 18. Other than this single affidavit, the court noted that the appellant never requested an evidentiary hearing; never sought to submit the alleged confidential records for trial court review; and, never sought to submit additional evidence in support of its memorandum in opposition to the motion to compel. *Id.* at ¶¶ 29, 30. Because "[c]onclusory statements as to trade secret factors without supporting factual

evidence are insufficient to meet the burden of establishing trade secret status[,]" the appellate court upheld the lower court's judgment granting the appellee's motion to compel. *Id.* at ¶¶ 28, 29.

{¶22} The court in *Svoboda v. Clear Channel Communications, Inc.*, 6th Dist. Lucas No. L-02-1149, 2003-Ohio-6201, similarly concluded that the trial court did not abuse its discretion when it failed to grant trade secret status to requested information. Id. at ¶ 17. As in *Arnos*, the court noted that the affidavit submitted in support of the appellant's motion for protective order merely contained "a number of conclusory statements, which measured against R.C. 1333.61(D) [were] insufficient in themselves to satisfy appellants' burden." *Id.* As the appellant failed to satisfy its burden in establishing trade secret status, the appellate court affirmed the trial court's ruling ordering the disclosure of salary and personal income information. *Id.*

{¶23} Other than the filing of its brief in opposition and motion for protective order, Mercy Health did not submit any evidentiary material to support its position that the requested information and documents constitute protected trade secrets. Mercy Health did not submit any supporting affidavits, nor did it request a hearing or an in camera inspection. As *Besser* has provided, a person requesting that information be constituted trade secrets bears the burden to establish the material should be protected. *Besser,* 89 Ohio St.3d at 400. Like the appellant in *Arnos*, Mercy Health "did not seek to file, under a confidentiality order and under seal, any evidentiary material of a confidential nature for court consideration * * *." *Arnos* at ¶ 16. Without any evidence or supporting documentation even offered, Mercy Health's claim is conclusory. As Mercy Health failed to produce evidence to support its claim, or request an in camera review or hearing, we find no abuse of discretion by the trial court.

{¶24} For the reasons stated above, Mercy Health's assignment of error is overruled.

II.

**{¶25}** Mercy Health's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRIAN D. SULLIVAN, ERIN SIEBENHAR HESS, and BRIANNA MARIE PRISLIPSKY, Attorneys at Law, for Appellants.

MATTHEW A. DOOLEY and RYAN M. GEMBALA, Attorneys at Law, for Appellee.