[Cite as *Chlebina v. Landmark Partners*, 2026-Ohio-2014.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN CHLEBINA, et al.

    Appellees

    v.

LANDMARK PARTNERS, et al.

    Appellants

C.A. No.     30747

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2021-04-1306

DECISION AND JOURNAL ENTRY

Dated: May 29, 2026

CARR, Judge.

{¶1} Defendants-Appellants Landmark 2 Limited Liability Company, Landmark 4 Limited Liability Company, and Steve R. Swain (collectively "Landmark") appeal the decision of the Summit County Court of Common Pleas. This Court dismisses the appeal in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2} This appeal arises from a discovery dispute between Landmark and Plaintiffs-Appellees John and Mary K. Chlebina (collectively "the Chlebinas"). The underlying dispute centers around a 2001 settlement agreement entered into by the Chlebinas, Landmark Partners, and Landmark 2 Limited Liability Company addressing oil and gas rights and responsibilities related to property owned by John Chlebina, and in which Mary K. Chlebina has a dower interest.

{¶3}   In 2021, the Chlebinas filed a complaint for breach of contract, common law trespass, and statutory trespass against Landmark Partners and Landmark.[1]   Essentially, the Chlebinas alleged that Landmark and Landmark Partners violated the settlement agreement by seeking to perform a directional drill of a particular well.  The Chlebinas maintained that the drill was prohibited because a drill of a different well was not successful as specified in the settlement agreement.

{¶4}   In response, Landmark filed an answer as well as counterclaims and a third-party complaint, which were subsequently amended.  The amended third-party complaint named Commonwealth Properties, Inc. as the third-party defendant.

{¶5}   Discovery disputes ensued.  In fall 2022, Landmark filed several motions related to limiting the scope of questioning of Mr. Swain with respect to issues that touched upon trade secrets.  Following an in camera review, in January 2023, the trial court found that a document known as Landmark-TS 0014-52 contained trade secrets and was not subject to discovery.  The trial court denied the remainder of Landmark's motion for a protective order as premature and overbroad.

{¶6}   In March 2023, the Chlebinas filed a motion to compel non-party witness Geoffrey Gordon-Creed to answer deposition questions he was instructed not to answer at his deposition and to craft a protective order authorizing the discovery if appropriate.  Landmark opposed the motion and sought a protective order shielding Mr. Gordon-Creed from having to disclose any trade secret information developed around 2017 or later.  Landmark identified four questions to which it believed the Chlebinas were seeking answers.  Landmark sought to prevent the discovery of the research, strategies, and methodologies with respect to where to drill, the substances used

---

[1] Landmark Partners was ultimately dismissed as a party from the lawsuit.

in the process of drilling, and how to extract the oil and gas from the rock. Landmark argued that that information constituted trade secrets. Landmark also argued that the information sought was not relevant to the claims raised. In support of its claims, Landmark stated that it was incorporating its prior briefing on its motion for a protective order, the evidence submitted in support of that briefing, and the documents previously submitted for in camera review.

{¶7} In May 2023, the trial court issued an order concluding that the Chlebinas sought the answers to the following five questions:

> a. What discussion did [Mr. Gordon-Creed] have with Mr. Swain during or around 2017 with regard to Landmark 2's plans or intentions with regard to well 6F2 – specifically deepening that well, recompleting and deepening the well at is existing location, and why those plans made sense?

> b. What specific information did [Mr. Gordon-Creed] rely on or did Mr. Swain provide to [him] regarding the plans for well 6F2 in or around 2017?

> c. What about the particular time frame of 2017, what was happening in or around 2017 or what were the reasons why Landmark 2 decide[d] on a plan to recomplete well 6F2 in or around 2017?

> d. What specific reasons or issues changed or became different in 2017 from previous years that led Landmark 2 to plan to deepen or directionally drill well 6F2?

> e. What was done during 2017 and thereafter by Landmark 2 and Landmark 4 to begin the process to recomplete wells 6F and 7F?

{¶8} The trial court ordered Mr. Gordon-Creed to respond to the questions, under oath and in writing, directly to the trial court and provide any documentation that he relied upon in answering the questions. In addition, Landmark was ordered to provide the trial court with any documentation to support the position that the information contained in the answers constituted trade secrets. The trial court would then conduct an in camera review of the provided information.

{¶9} On May 16, 2023, Landmark filed a notice that it had submitted certain documents for in camera review to the trial court via email. The notice indicated that other documents were

previously submitted for in camera review in December 2022, and were resubmitted as part of the current response to the trial court's order.

{¶10} On May 31, 2023, the trial court issued an entry granting the Chlebinas' motion to compel Mr. Gordon-Creed's answers to the deposition questions. The trial court concluded that Landmark failed to establish the information constituted trade secrets. The trial court ordered Landmark to provide the answers to the questions to the Chlebinas within 14 days. It further advised Landmark that, "[p]rior to providing copies of Mr. Gordon-Creed's answers to Plaintiffs, Defendants may file Mr. Gordon-Creed's answers and the supporting documentation provided to the Court with the Clerk of Summit County Court of Common Pleas, under seal. If said items are filed, this Court orders that the documents filed under seal shall not be made available without further Order of this Court[.]" (Emphasis omitted.)

{¶11} Landmark filed a motion to stay the proceedings pending appeal and also appealed the order. Landmark did not file the materials submitted for in camera inspection under seal with the clerk of courts as suggested by the trial court in its entry. The trial court granted the motion to stay. Landmark raised two assignments of error for this Court's review. This Court dismissed the appeal with respect to the first assignment of error and overruled it with respect to the second assignment of error. *See Chlebina v. Landmark Partners*, 2023-Ohio-4403, ¶ 1, 23 (9th Dist.). In so doing, we noted that noted that the record did not contain Mr. Gordon-Creed's answers or the accompanying documents, and, thus, we were required to presume regularity. *Id.* at ¶ 20-21.

{¶12} Landmark then moved for reconsideration as to the second assignment of error and to supplement the record. This Court granted the application, and the record was supplemented with the documents. Landmark's appeal was then reinstated. Thereafter, the parties engaged in a lengthy mediation process through this Court's mediation program; however, those efforts were

ultimately unsuccessful. This Court vacates our prior decision and adopts the current opinion in its place.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING APPELLEES JOHN AND MARK K. CHLEBINA'S MOTION TO COMPEL GEOFFREY GORDEN-CREED TO ANSWER DEPOSITION QUESTIONS BECAUSE INFORMATION REGARDING LANDMARK'S RESEARCH, PLANNING, AND DECISION-MAKING PROCESS DURING 2017 AND THEREAFTER IS NOT DISCOVERABLE UNDER CIV.R. 26(B)(1).

{¶13} Landmark argues in its first assignment of error that the trial court erred in allowing the discovery sought by the Chlebinas as it failed to meet the requirements of Civ.R. 26(B)(1). Landmark maintains the discovery was not relevant and the trial court failed to consider if the discovery was "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Civ.R. 26(B)(1).

{¶14} As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker–Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Ohio Const., art. IV, § 3(B)(2); R.C. 2501.02.

{¶15} "Generally, trial court orders addressing discovery issues are merely interlocutory and not immediately appealable." *Brown v. Manorcare Health Servs.*, 2015-Ohio-857, ¶ 8 (9th Dist.), quoting *Bowers v. Craven*, 2012-Ohio-332, ¶ 14 (9th Dist.). "Nevertheless, the legislature has carved out certain limited exceptions to the general rule." *Brown* at ¶ 8. Relevant to this appeal, R.C. 2505.02(B)(4) states:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

. . .

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶16} "'Provisional remedy' means a proceeding ancillary to an action, including . . . discovery of privileged matter . . . ." R.C. 2505.02(A)(3). "Pursuant to R.C. 2505.02(B)(4), we have held that '[a] trial court's order is final and appealable to the extent it compels production of claimed privileged materials.'" *Medas v. Monyak*, 2015-Ohio-1252, ¶ 23 (9th Dist.), quoting *Peppeard v. Summit Cty.*, 2010-Ohio-2862, ¶ 10 (9th Dist.). "This Court has determined that an order which compels the discovery of trade secrets may be final and appealable as a provisional remedy." *Natl. Interstate Corp. v. West*, 2008-Ohio-1057, ¶ 9 (9th Dist.).

{¶17} Here, in this assignment of error, the focus of Landmark's argument is not the privileged nature of the discovery but the lack of relevancy of the material and the trial court's failure to fully consider Civ.R. 26(B)(1) in rendering its decision. However, these are not concerns that can be addressed at this time. To the extent that Landmark's motion was based upon a relevancy argument and related Civ.R. 26(B)(1) concerns, and to the extent that the trial court implicitly concluded that the discovery was relevant, the trial court's ruling is not appealable. *Lytle v. Mathew*, 2014-Ohio-1606, ¶ 10 (9th Dist.); *Brown* at ¶ 14.

{¶18} This assignment of error stems from a portion of the order that is not appealable and thus cannot be addressed.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING APPELLEES JOHN AND MARK K. CHLEBINA'S MOTION TO COMPEL GEOFFREY GORDON-CREED TO ANSWER DEPOSITION QUESTIONS BECAUSE THE ANSWERS TO THE TRIAL COURT'S FIVE WRITTEN QUESTIONS POSED TO GEOFF GORDON-CREED CONTAIN PRIVILEGED CONFIDENTIAL BUSINESS INFORMATION AND TRADE SECRETS, THE DISCLOSURE OF WHICH WOULD DO IMMEASURABLE DAMAGE TO LANDMARK, OUTWEIGHING ANY POTENTIAL BENEFIT IN THE CASE.

{¶19} Landmark argues in its second assignment of error that the trial court erred in granting the motion to compel the answers to Mr. Gordon-Creed's deposition questions because the answers contain trade secrets. We agree in part.

{¶20} A trade secret is

information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following:

(1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

R.C. 1333.61(D).

{¶21} "Whether information constitutes a trade secret is a question of fact." *In re Review of Alternative Energy Rider Contained in Tariffs of Ohio Edison Co.*, 2018-Ohio-229, ¶ 35. "An entity claiming trade secret status bears the burden to identify and demonstrate that the material is included in categories of protected information under the statute . . . ." (Citations and internal quotations omitted.) *Garcia v. Matheson*, 2024-Ohio-501, ¶ 19 (9th Dist.). "Conclusory statements as to trade secret factors without supporting factual evidence are insufficient to meet the burden of establishing trade secret status." (Internal quotations and citations omitted.) *Id.*

{¶22} The following factors are relevant in reviewing a claim that information constitutes a trade secret:

(1) The extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

(Internal citations omitted.) *State ex rel. Besser v. Ohio State Univ.*, 89 Ohio St.3d 396, 399-400 (2000). Nonetheless, the overarching analysis centers on whether the entity claiming trade secret status has identified and demonstrated that the material is included in categories of protected information under the statute and additionally has taken some active steps to maintain its secrecy. *Id.* at 400; *see* R.C. 1333.61(D).

{¶23} Mr. Gordon-Creed submitted answers to the trial court's questions, which the trial court labeled a. through e. As to question a., Mr. Gordon-Creed submitted an answer with paragraphs numbered 1. through 7. The answers for questions b. through e. were unnumbered. Upon reviewing the answers, the accompanying documents, and the other materials that Landmark submitted in support of its claim, we conclude that Mr. Gordon-Creed's answers numbered 6. and 7. to question a. constitute trade secrets. In addition, the answer Mr. Gordon-Creed supplied for question c. constitutes a trade secret.

{¶24} The materials submitted in support of Landmark's claim that the information constitutes trade secrets included, inter alia, two affidavits of Mr. Swain as well as materials that accompanied Mr. Gordon-Creed's notarized answers. Those materials included multiple nondisclosure agreements, reports associated with testing, and invoices. Based on the numbering

of the documents, it appears that numerous pages may have already been determined by the trial court to be trade secrets.

{¶25} In light of the content of the trial court's entry, it does not appear that the trial court considered Mr. Swain's affidavits or the arguments made in Landmark's opposition to the motion to compel. In his supplemental affidavit, Mr. Swain provides substantial support for the notion that portions of Mr. Gordon-Creed's answers are trade secrets. Some of his statements will be outlined in the following paragraph.

{¶26} Mr. Swain has worked in the oil and gas drilling industry for around 30 years. Landmark 2 Limited Liability Company and Landmark 4 Limited Liability Company (collectively "the Companies") spent substantial time and money in developing their businesses. Specifically, they have spent over one million dollars on research and development and the time and expense for other entities to recreate that knowledge and information would exceed one million dollars. The Companies have compiled and analyzed technical and historical data related to oil fields and geological formations in Northeast Ohio since the late 1990s. The Companies have developed strategies and methods known only to them related to where to drill, the cocktail of materials used in drilling, and how to get oil and gas out from the rock. To keep this information protected, the Companies have limited who has access to the information and used confidentiality and non-disclosure agreements in business dealings. Only Mr. Swain and Mr. Gordon-Creed have direct access to the research and development information. As an example of the value of the information itself and of its value in not being known, Mr. Swain asserted that if certain owners of land were aware of the information that the Companies know, the owners would sell their land at much higher prices because of the potential for production on the land. This would mean that the Companies

would have to expend much more money to acquire the land and, thus, exposure of the information could potentially cost the Companies a large sum of money.

{¶27} Given the foregoing, it is readily apparent that Mr. Swain's supplemental affidavit contains information addressing multiple factors outlined in *State ex rel. Besser* and more importantly demonstrates that the information set forth in Mr. Gordon-Creed's answers 6. and 7. to question a. and the answer to question c. satisfies the statutory definition of a trade secret. *See State ex rel. Besser*, 89 Ohio St.3d at 399-400; R.C. 1333.61(D). Thus, it was erroneous for the trial court to fail to consider it in rendering its decision.

{¶28} Landmark's second assignment of error is sustained to the extent discussed above. The matter is remanded for the trial court to consider arguments related to the scope and nature of an appropriate protective order to protect Landmark's trade secrets, and after doing so, put in place an appropriate protective order. *See* Civ.R. 26(C).

III.

{¶29} We are without jurisdiction to consider Landmark's first assignment of error, and its second assignment of error is sustained to the extent discussed above. The appeal is dismissed in part, the judgment of the Summit County Court of Common Pleas is reversed in part, and the matter is remanded for proceedings consistent with this decision.

Appeal dismissed in part,
judgment reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SUTTON, P. J.
CONCUR.

APPEARANCES:

MARSHAL M. PITCHFORD and KATHRYN A. VADAS, Attorneys at Law, for Appellants.

JOHN W. BECKER and CHRISTINE M. GARRITANO, Attorneys at Law, for Appellees.